UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BEN PIENAAR, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:07-cv-609-SEB-TAB |
| ) | |
| STATE SENATOR MICHAEL YOUNG, et al., ) | |
| ) | |
| Defendant. ) | |

# E N T R Y

The plaintiff's request to proceed *in forma pauperis* has been granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), however, because the complaint fails to assert a claim upon which relief can be granted. This conclusion is based on the following facts and circumstances:

1.  Under Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint states a claim for relief if it states grounds that entitle the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level, treating the factual allegations as true. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating in part *Conley v. Gibson*, 355 U.S. 41 (1957)).

2.  The present is subject to dismissal for the same reasons which dictated dismissal of the spate of earlier filings against the same or similar parties sued by the plaintiff because of difficulties he had with his driver's license or lack thereof.

- Under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985). There is no exception to the Eleventh Amendment immunity of defendants Indiana, Ohio and Oklahoma discernible in the complaint. The claims against these defendants must be dismissed.

- The claim against State Senator Mike Young is based on this person's role in promoting and passing certain state legislation, and hence appears to be barred by his legislative immunity. *Bogan v. Scott-Harris,* 523 U.S. 44, 54 (1998)("Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'") (citing *Tenney v. Brandhove,* 341 U.S. 367, 376(1951)).

- Claims against the defendant judges, whether federal or state judges, are barred by the immunity of such persons for actions arising out of the exercise of their judicial function. *See Mireles v. Waco,* 502 U.S. 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Id.* at 11-12. In the instant action, the complaint challenges the issuance of allegedly improper orders by the judicial defendants; the challenged conduct was all taken in the judges' official capacities. Additionally, judicial immunity applies regardless of whether the judge is accused of acting maliciously or corruptly, as long as it was within his jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 554 (1967). Furthermore, it is well established that immunity applies regardless of whether the plaintiff seeks damages or injunctive relief. *See Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040 (1988).

- Prosecutors are sued in the present case. These defendants are also immune from the suit brought against them. In their official capacities, the prosecutors are state officials when prosecuting criminal cases. *See Bibbs v. Newman,* 997 F.Supp. 1174, 1178 (S.D.Ind. 1998); *Study v. U.S.,* 782 F.Supp. 1293, 1297 (S.D.Ind. 1991). Prosecutors sued in their individual capacities have absolute immunity for their actions in representing the state and are entitled to absolute immunity for actions taken "as an advocate for the State." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993); *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2005). This immunity extends to prosecutors when they act in a quasi-judicial capacity by determining what charges to bring against an individual and by initiating a prosecution. *See Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir. 2000); *Spiegel v. Rabinovitz,* 121 F.3d 251, 256-57 (7th Cir. 1997). This immunity, which is absolute, also extends to the actions of prosecutors while representing the State of Indiana in the course of a criminal prosecution. *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). This absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford,* 832 F.2d 895 (5th Cir. 1987).

- The plaintiff invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, but does not sue the United States, which is the only proper defendant under the FTCA. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982).

- No claim is stated against the many defendant individuals who are identified in the caption of the complaint and who are not mentioned in the body of the complaint. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

      3.      Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 06/19/2007

                                                                       SARAH EVANS BARKER, JUDGE
                                                                       United States District Court
                                                                       Southern District of Indiana